1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    CARLOS SANTANA ALUIZO                    Case No. 1:25-cv-00513-CDB  (HC)

12                   Petitioner,               **ORDER TO SHOW CAUSE WHY
                                                PETITION SHOULD NOT BE DISMISSED**
13         v.                                   **AS UNTIMELY**

14    MARTIN GAMBOA, Warden                     (Doc. 1)

15                   Respondent.                30-Day Deadline

16

17         Petitioner Carlos Santana Aluizo ("Petitioner") is a state prisoner proceeding pro se with a

18    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, "Petition").  Petitioner

19    challenges his 2021 convictions in the Merced County Superior Court for violations of California

20    Penal Code §§ 288.7(b) and 288(a).  (*Id.* at 1).  Because it appears the Petition is untimely, the

21    Court will afford Petitioner an opportunity to show cause why the Court should not dismiss the

22    Petition.

23    **Preliminary Screening**

24         Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

25    review of each petition for writ of habeas corpus.  Pro se habeas corpus petitions are to be

26    liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must

27    dismiss a petition "[i]f it plainly appears from the petition … that the petitioner is not entitled to

28    relief."  Habeas Rule 4; *see Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v.*

1  *Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1988).  In conducting this initial review, the Court may

2  *sua sponte* raise the timeliness of the petition but should only dismiss after allowing the petitioner

3  adequate notice and an opportunity to respond.  *Day v. McDonough*, 547 U.S. 198, 210 (2006)

4  (holding that "district courts are permitted, but not obliged, to consider, *sua* sponte, the timeliness

5  of a state prisoner's habeas petition" but "before acting on its own initiative, … must accord the

6  parties fair notice and an opportunity to present their positions").

7  **Discussion**

8  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute

9  of limitations applies to petitions seeking habeas relief under § 2254.  28 U.S.C. § 2244(d)(1).

10  Generally, the one-year clock starts to run on "the date on which the judgment became final by

11  the conclusion of direct review or the expiration of the time for seeking such review."  42 U.S.C.

12  § 2244(d)(1)(A).  Statutory tolling applies to the "time during which a properly filed application

13  for State post-conviction or other collateral review with respect to the pertinent judgment or claim

14  is pending."  42 U.S.C. § 2244(d)(2).  In limited circumstances, a petitioner is entitled to delayed

15  commencement of the limitations period.  42 U.S.C. § 2244(d)(1)(B)-(D).  Additionally, equitable

16  tolling may be granted to a petitioner under limited circumstances if he shows that (1) he has been

17  pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and

18  prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

19  Here, Petitioner filed his federal habeas petition on April 27, 2025.[1]  (Doc. 1 at 15).

20  Petitioner indicates his conviction was affirmed on direct appeal in "2022"[2]  and the California

21  Supreme Court declined review on November 16, 2022.  (*Id.* at 2-3).  Thus, Petitioner's

22  conviction became final on February 14, 2023, when his deadline to seek certiorari from the

23  United States Supreme Court expired.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The

24  one-year statute of limitations to file a federal petition began to run the next day.  *Patterson v.*

25  *Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  The only subsequent state collateral motion

26

27  [1] The Court applies the mailbox rule and deems the Petition filed on the date Petitioner delivered it to the prison authorities for mailing to the Court.  *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).

28  [2] *See People v. Aluzio*, No. F082352, 2022 WL 4093949 (Cal. Ct. App. Sept. 7, 2022).

1    Petitioner identified was filed on March 19, 2025.  (Doc. 1 at 3).  However, state habeas petitions

2    filed after the one-year statute of limitations expired do not revive the statute of limitations and

3    have no tolling effect.  *See Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (state petition

4    filed over one year after conviction became final did not render subsequent federal petition

5    timely).  Petitioner fails to plead facts demonstrating he is entitled to the delayed triggering events

6    in § 2244(d)(1)(B)-(D) or equitable tolling.  Because it appears in this case the statute of

7    limitations expired no later than February 16, 2024, the Petition is untimely.

8          However, before the Court dismisses the petition as untimely, it will afford Petitioner an

9    opportunity to explain how his petition complies with § 2244(d) or why equitable tolling should

10   apply.  In presenting any argument regarding equitable tolling, Petitioner is cautioned to

11   specifically address the requirements set forth in *Holland*.

12   **Conclusion and Order**

13         Accordingly, IT IS ORDERED:

14         Within 30 days from the date of this order, Petitioner SHALL show cause in writing why

15   the Petition should not be dismissed as untimely.

16         Any failure to timely comply with this Order may result in a recommendation that the

17   Petition be dismissed.

18   IT IS SO ORDERED.

19     Dated:   **May 7, 2025**     _____

20                                   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3