1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    CARLOS SANTANA ALUIZO                    Case No. 1:25-cv-00513-CDB (HC)

12                        Petitioner,          **FINDINGS AND RECOMMENDATIONS
                                               TO DISMISS ACTION WITH PREJUDICE
13         v.                                  AS TIME-BARRED**

14    MARTIN GAMBOA, Warden                    (Doc. 1)

15                        Respondent.          **14-Day Deadline**

16                                             Clerk of the Court to Assign District Judge

17

18         Petitioner Carlos Santana Aluizo ("Petitioner") is a state prisoner proceeding pro se with a

19    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1, "Petition").  Petitioner

20    challenges his 2021 convictions in the Merced County Superior Court for violations of California

21    Penal Code §§ 288.7(b) and 288(a).  (*Id.* at 1).

22         Because it appears the Petition is untimely, on May 7, 2025, the Court issued an order to

23    show cause affording Petitioner an opportunity to explain why the Court should not dismiss the

24    Petition.  (Doc. 4).  Petitioner was granted 30 days within which to respond to the Court's order to

25    show cause; however, more than 30 days (including three additional days pursuant to Fed. R. Civ.

26    P. 6(d)) have passed and Petitioner has failed to respond to the Court's order.  Accordingly, the

27    undersigned will recommend that the action be dismissed with prejudice as time barred.[1]

28
―――――――――――――――――――――
[1] This action was referred to the undersigned pursuant to 18 U.S.C. § 636 and Local Rule 302(c)(17).

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  Pro se habeas corpus petitions are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must dismiss a petition "[i]f it plainly appears from the petition … that the petitioner is not entitled to relief."  Habeas Rule 4; *see Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1988).  In conducting this initial review, the Court may *sua sponte* raise the timeliness of the petition but should only dismiss after allowing the petitioner adequate notice and an opportunity to respond.  *Day v. McDonough*, 547 U.S. 198, 210 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua* sponte, the timeliness of a state prisoner's habeas petition" but "before acting on its own initiative, … must accord the parties fair notice and an opportunity to present their positions").

**Discussion**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to petitions seeking habeas relief under § 2254.  28 U.S.C. § 2244(d)(1).  Generally, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  42 U.S.C. § 2244(d)(1)(A).  Statutory tolling applies to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  42 U.S.C. § 2244(d)(2).  In limited circumstances, a petitioner is entitled to delayed commencement of the limitations period.  42 U.S.C. § 2244(d)(1)(B)-(D).  Additionally, equitable tolling may be granted to a petitioner under limited circumstances if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Here, Petitioner filed his federal habeas petition on April 27, 2025.[2]  (Doc. 1 at 15).

---

[2] The Court applies the mailbox rule and deems the Petition filed on the date Petitioner delivered it to the prison authorities for mailing to the Court.  *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).

1    Petitioner indicates his conviction was affirmed on direct appeal in "2022"[3] and the California

2    Supreme Court declined review on November 16, 2022. (*Id.* at 2-3). Thus, Petitioner's

3    conviction became final on February 14, 2023, when his deadline to seek certiorari from the

4    United States Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The

5    one-year statute of limitations to file a federal petition began to run the next day. *Patterson v.*

6    *Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The only subsequent state collateral motion

7    Petitioner identified was filed on March 19, 2025. (Doc. 1 at 3). However, state habeas petitions

8    filed after the one-year statute of limitations expired do not revive the statute of limitations and

9    have no tolling effect. *See Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (state petition

10   filed over one year after conviction became final did not render subsequent federal petition

11   timely).

12          Petitioner fails to plead facts demonstrating he is entitled to the delayed triggering events

13   in § 2244(d)(1)(B)-(D) or equitable tolling. Moreover, although Petitioner was afforded an

14   opportunity by the Court's show cause order to explain how his petition complies with § 2244(d)

15   or why equitable tolling should apply (*see* Doc. 4), Petitioner did not respond to the Court's order.

16          The undersigned has considered the *Holland* factors in light of the record and is unable to

17   conclude either that Petitioner has been pursuing his rights diligently or that some extraordinary

18   circumstance stood in his way and prevented a timely filing. *Cf. Spitsyn v. Moore*, 345 F.3d 796,

19   799 (9th Cir. 2003) (reiterating that a habeas petitioner bears a "very high" burden to trigger the

20   "extraordinary exclusion" of equitable tolling). Thus, because in this case the statute of

21   limitations expired no later than February 16, 2024, and equitable tolling does not apply, the

22   Petition should be dismissed with prejudice as untimely.

23   **Findings and Recommendation**

24          Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED WITH

25   PREJUDICE as time-barred.

26          These Findings and Recommendations will be submitted to the United States District

27   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

28   _____
     [3] *See People v. Aluzio*, No. F082352, 2022 WL 4093949 (Cal. Ct. App. Sept. 7, 2022).

1    after being served with a copy of these Findings and Recommendations, a party may file written

2    objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to

3    Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave

4    of Court and good cause shown.  The Court will not consider exhibits attached to the Objections,

5    but a party may refer to exhibits in the record by CM/ECF document and page number.  Any

6    pages filed in excess of the 15-page limitation may be disregarded by the District Judge when

7    reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's

8    failure to file any objections within the specified time may result in the waiver of certain rights on

9    appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

10   IT IS SO ORDERED.

11       Dated:   **June 13, 2025**         _____

12                                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4