UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SANTANA ALUIZO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MARTIN GAMBOA,<br><br>　　　　Respondent. | Case No. 1:25-cv-00513-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, DISMISSING ACTION AS TIME-BARRED, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Doc. 7 |

　　　　Petitioner Carlos Santana Aluizo ("Petitioner") is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docs. 1, 2. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 7, 2025, the assigned magistrate judge issued an order to show cause why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 4. Petitioner did not respond to the order to show cause. Accordingly, on June 16, 2025, the assigned magistrate judge issued findings and recommendation recommending that this action be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 7. The findings and recommendations were served on petitioner and informed him that he had 14 days to file objections. *Id.* at 3–4. Petitioner did not file any objections and the deadline to do so has passed.

　　　　In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of

this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that the petition is time-barred, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that there is a plain procedural bar present debatable or wrong. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, the Court ORDERS:

1. The findings and recommendations issued on June 13, 2025, Doc. 7, are ADOPTED in full;
2. The action is DISMISSED as time-barred;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   July 11, 2025

UNITED STATES DISTRICT JUDGE

2